UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| THOMAS E. DUNCAN | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | 4:06-cv-76/4:01-cr-60 |
| | ) | *Edgar* |
| UNITED STATES OF AMERICA | ) | |

## MEMORANDUM

Defendant Thomas E. Duncan ("Duncan") has filed a *pro se* motion for post-conviction relief pursuant to 28 U.S.C. § 2255 (Court File No. 1) and an *in forma pauperis* application (Court File No. 2). A motion filed under 28 U.S.C. § 2255 is not a civil action. Consequently, an application to proceed *in forma pauperis* is unnecessary since there is no filing fee in a § 2255 proceeding. *See* L.R. 9.3(b). Therefore, the motion to proceed *in forma pauperis* will be **DENIED** (Court File No. 2).

A review of the § 2255 motion reflects that it is untimely. After entering a guilty plea on May 9, 2002, Duncan received a 352 month sentence on September 23, 2002. Duncan claims he directed counsel to file a direct appeal but counsel failed to abide by his instructions.

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), there is a one-year statute of limitation for filing a § 2255 motion. *See* 28 U.S.C. § 2255. Duncan was sentenced to a term of imprisonment for 352 months on September 23, 2002. Duncan did not pursue a direct appeal. Duncan's judgment was entered on October 3, 2002, and he had ten (10) days, until October14, 2002, to file a notice of appeal.[1] When a § 2255 movant does not pursue a direct appeal

---

[1] October 13, 2002, the tenth day, fell on a Sunday. Thus, Duncan had until October 14, 2002, to file his direct appeal.

to the court of appeals, his conviction becomes final on the date on which the time for filing such appeal expired. *Sanchez-Castellano v. United States*, 358 F.3d 424, 425 (6th Cir. 2004). Therefore, the one-year statute of limitations began to run on October 14, 2002.

Duncan had one year from the time his judgment of conviction became final to file his § 2255 motion. October 14, 2002, was the date Duncan' right to file an appeal expired. Thus, Duncan was required to file his § 2255 motion by October 14, 2003. A motion filed by a prisoner is deemed filed when given to the prison authorities for mailing. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997), *citing Houston v. Lack*, 487 U.S. 266, 270-71 (1988); *See* Rule (C) Fed. R. app. Proc. The motion reveals Duncan gave the motion to the prison authorities for mailing on November 27, 2006, more than three years after the expiration of the one-year statute of limitation for filing his § 2255 motion. Therefore, Duncan' motion is treated as filed on November 27, 2006. Consequently, Duncan' § 2255 motion is time-barred by the statute of limitations and will be **DISMISSED** (Court File No. 1).

An appropriate judgment will enter.

ENTER this the 14th day of February, 2007.

                                                */s/ R. Allan Edgar*
                                                R. ALLAN EDGAR
                                        UNITED STATES DISTRICT JUDGE